FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 23 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| FAITH MUNN, | No. 10-17757 |
| Plaintiff - Appellant, | D.C. No. 3:08-cv-01942-VRW |
| v. | |
| HERTZ LONG-TERM DISABILITY PLAN; LIFE INSURANCE COMPANY OF NORTH AMERICA, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Vaughn R. Walker, District Judge, Presiding

Argued and Submitted March 15, 2012
San Francisco, California

Before: McKEOWN and M. SMITH, Circuit Judges, and ROTHSTEIN, Senior
District Judge.[**]

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Barbara Jacobs Rothstein, Senior District Judge for the
U.S. District Court for the Western District of Washington, sitting by designation.

Plaintiff-Appellant Faith Munn (Munn) appeals from the district court's entry of judgment for Defendants-Appellees Hertz Long-Term Disability Plan and Life Insurance Company of North America (collectively, LINA). Because the parties are familiar with the factual and procedural history of this case, we repeat only those facts necessary to resolve the issues raised on appeal. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Even assuming that de novo review of LINA's decision is appropriate, Munn presents no evidence that further dialogue with LINA would have rendered her claim successful.

LINA did not fail to credit Munn's evidence that she had too much pain to work. In fact, LINA considered Munn's reports of pain in deciding whether she was entitled to disability benefits. Munn shows no evidence even on appeal that her absences during the elimination period stemmed from related ailments as required by the plan. Munn also does not deny that there were gaps in her time off work during the elimination period, and she lacked a continuous period of disability over the period as the plan required. Thus, Munn's argument to the contrary fails.

LINA was not authorized to act as a fiduciary for the plan when engaging in settlement negotiations. Thus, Munn's breach of fiduciary duty claim fails because

2

LINA was not given discretionary authority to settle lawsuits filed by plan participants, and LINA was not acting as a fiduciary when it engaged in settlement discussions with Munn. *See* 29 U.S.C. § 1002(21)(A).

LINA did not violate Munn's rights under 29 U.S.C. § 1140 by refusing to settle her lawsuit unless she agreed to certain terms. Munn cannot prevail because she offers no evidence of any current or future entitlement to have LINA agree to settle her lawsuit. *See West v. Greyhound Corp.*, 813 F.2d 951, 954 (9th Cir. 1987).

LINA did not violate 29 C.F.R. § 2560.503-1(g) and 2560.503-1(m)(8) by failing to tell Munn that she was entitled to a copy of the documents relevant to LINA's decision. Under these regulations, LINA had no obligation to tell Munn she was entitled to a copy of all documents relevant to LINA's decision. *See* 29 C.F.R. § 2560.503-1(g), -1(m)(8).

Munn's remaining arguments are without merit.

**AFFIRMED.**